# EXHIBIT

# A

Lynne Finley
District Clerk
Collin County, Texas
By Rosanne Munoz Deputy
Envelope ID: 20714973

CAUSE NO. 401-05503-2017

| | | |
|---|---|---|
| JANE DOE | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| JOSUE CASTANEDA, PEDRO DAMIAN | § | |
| CRUZ, JOSE GONZALEZ JR, WEST | § | |
| ELDORADO TX PARTNERS, LLC, | § | |
| CORTLAND PARTNERS, L.P., | § | |
| CORTLAND MANAGEMENT, LLC, | § | |
| CORTLAND PARTNERS, LLC, | § | |
| CORTLAND PARTNERS FUND I | § | |
| MANAGER, LLC, CORTLAND | § | |
| PARTNERS FUND I, LLC, CORTLAND | § | |
| PARTNERS FUND II INVESTOR, LLC, | § | |
| CORTLAND PARTNERS FUND II | § | |
| MANAGER, LLC, CORTLAND | § | |
| PARTNERS FUND II, LLC, | § | |
| DIVERSIFIED TRADING SOLUTIONS, | § | |
| LLC, LEVEL 10 CONSTRUCTION, LLC, | § | |
| AND JOHN J. KOVAL | § | |
| | § | |
| *Defendants.* | § | COLLIN COUNTY, TEXAS |

## JANE DOE'S ORIGINAL PETITION, MOTION FOR PROTECTIVE ORDER, AND REQUESTS FOR DISCLOSURE

1.     Plaintiff Jane Doe files her Original Petition, Motion for Protective Order, and

Requests for Disclosure against Defendants Josue Castaneda, Pedro Damian Cruz,

Jose Gonzalez Jr. (collectively, "Defendants"), West Eldorado Tx Partners, LLC,

Cortland Partners, L.P., Cortland Management, LLC, Cortland Partners, LLC,

Cortland Partners Fund I Manager, LLC, Cortland Partners Fund I, LLC, Cortland Partners Fund II Investor, LLC, Cortland Partners Fund II Manager, LLC, Cortland Partners Fund II, LLC, Diversified Trading Solutions, LLC, Level 10 Construction, LLC, and John J. Koval (collectively "Cortland") and respectfully shows the Court the following:

## I.
## <u>SUMMARY OF THE CASE</u>

2.      Plaintiff Jane Doe, then a 16-year old minor, was brutally gang-raped by Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Gonzalez Jr., all construction workers employed by Defendant Cortland. On Friday, November 13, 2015, Josue Castaneda lured Plaintiff to an empty apartment owned by Cortland where three adult male construction workers proceeded to serve her alcohol, drug her and take turns forcibly sexually assaulting her. They held Plaintiff captive in the apartment for several hours against her will before she was finally able to leave and return to her home. Plaintiff subsequently went to the hospital to seek treatment for her injuries. Josue Castaneda, Pedro Damian Cruz, and Jose Gonzalez Jr. were arrested and charged with sexual assault of a child and indecency with a child.

3.      To this day, Jane Doe is tormented by the memory of her rape and her attackers. In addition to the physical injuries she sustained, Jane Doe now suffers from major depressive disorder, suicidal ideation and other severe psychological

trauma.

4.      Jane Doe's ordeal was entirely preventable. Sadly, Cortland put its profits ahead of its residents' safety and willfully disregarded Jane Doe's personal safety. Josue Castaneda, Pedro Damian Cruz, and Jose Gonzalez Jr. were construction workers hired by Cortland to renovate the Saxon Woods apartment complex in McKinney, Texas. The renovation took over two and half years. During that time, the workers were housed in unoccupied apartment units in the complex alongside leased units. Cortland jettisoned the safety of its tenants by negligently hiring and then housing dozens of young male construction workers with criminal backgrounds in the uninhabited units of the complex. It hired a supervisor with a history of violence, who then orchestrated the repeated rape of a child, one of the most gruesome crimes imaginable.

5.      All events that gave rise to this lawsuit occurred on Cortland's property and all the criminal perpetrators were Cortland employees living and working at their work site, in the scope of their employment. Cortland's negligent conduct directly caused Plaintiff's irreparable physical and psychological damage.

## II.
## DISCOVERY CONTROL PLAN & PROTECTIVE ORDER

6.      Jane Doe seeks monetary relief over $1,000,000.00 including damages of any

kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; and

requests that this case be placed into Level 3 Discovery Control Plan.

7.      Jane Doe files this petition under a fictitious pseudonym because she is a

minor victim of sexual assault. Jane Doe wishes to remain anonymous and moves

for the Court to enter a Protective Order pursuant to TEXAS RULES OF CIVIL

PROCEDURE RULE 192.6(a) to protect her identity as a victim of sexual assault. Jane

Doe requests that she be allowed to use a pseudonym for the duration of this

litigation and that all documents containing identifying information including but

not limited to her name, date of birth, telephone number, address and social security

number be filed under seal and contain the phrase "attorney's eyes only."

## III.
## PARTIES

8.      Jane Doe, who files suit under a pseudonym as a minor victim of sexual

assault, is a resident of Collin County, Texas.

9.      Defendant Josue Castaneda is resident of Cameron County, Texas and may be

served with process at: 2211 El Portal St., Brownsville, Texas, 78520.

10.     Defendant Pedro Damian Cruz is a resident of Cameron County, Texas and

may be served with process at: 1900 University Blvd., Apt. 1009, Brownsville,

Texas, 78250.

11.     Defendant Jose Luis Gonzalez Jr. is a resident of Cameron County, Texas and may be served with process at: 2211 El Portal St., Brownsville, Texas, 78520.

12.     Defendant West Eldorado Tx Partners, LLC, a foreign limited liability company formed under the laws of the State of Delaware with its principal place of business located at 3424 Peachtree Road NE, Suite 300, Atlanta, Georgia 30326, may be served with process by serving its registered agent, Corporation Service Company DBA CSC-Lawyers Incorporating Service Company at 211 E 7TH St., Suite 620, Austin 78701 in Travis County, Texas.

13.     Defendant Cortland Partners L.P., a foreign limited partnership formed under the laws of the State of Delaware with its principal place of business located at 3424 Peachtree Road, Suite 300, Atlanta, Georgia 30326, may be served with process by serving the Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701 as its agent because Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute.

14.     Defendant Cortland Management, LLC, a foreign limited liability company formed under the laws of the State of Georgia with its principal place of business located at 3424 Peachtree Road NE, Suite 300, Atlanta, Georgia 30326, may be served with process by serving its registered agent, Corporation Service Company DBA CSC-Lawyers Incorporating Service Company at 211 E. 7TH St., Suite 620,

Austin 78701 in Travis County, Texas.

15. Defendant Cortland Partners, LLC, a foreign limited liability company formed under the laws of the State of Georgia with its principal place of business located at 3424 Peachtree Road, Suite 300, Atlanta, Georgia 30326, may be served with process by serving the Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701 as its agent because Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute.

16. Defendant Cortland Partners Fund I Manager, LLC, a foreign limited liability company formed under the laws of the State of Georgia with its principal place of business located at 3424 Peachtree Road, Suite 300, Atlanta, Georgia 30326, may be served with process by serving the Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701 as its agent because Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute.

17. Defendant Cortland Partners Fund I, LLC, a foreign limited liability company formed under the laws of the State of Georgia with its principal place of business located at 3424 Peachtree Road, Suite 300, Atlanta, Georgia 30326, may be served with process by serving the Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701 as its agent because Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute.

18. Defendant Cortland Partners Fund II Investor, LLC, a foreign limited liability

company formed under the laws of the State of Georgia with its principal place of business located at 3424 Peachtree Road, Suite 300, Atlanta, Georgia 30326, may be served with process by serving the <u>Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701</u> as its agent because Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute.

19.     Defendant Cortland Partners Fund II Manager, LLC, a foreign limited liability company formed under the laws of the State of Georgia with its principal place of business located at 3424 Peachtree Road, Suite 300, Atlanta, Georgia 30326, may be served with process by serving the <u>Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701</u> as its agent because Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute.

20.     Defendant Cortland Partners Fund II, LLC, a foreign limited liability company formed under the laws of the State of Georgia with its principal place of business located at 3424 Peachtree Road, Suite 300, Atlanta, Georgia 30326, may be served with process by serving the <u>Texas Secretary of State, 1019 Brazos St., Austin, Texas 78701</u> as its agent because Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute.

21.     Defendant Diversified Trading Solutions, LLC, a foreign limited liability company with its principal place of business at 8432 Muirfield Way, Port St. Lucie, 39486 in the County of St. Lucie, State of Florida, may be served with process by

serving its registered agent for service of process, <u>John Koval,</u> at <u>8432 Muirfield</u> <u>Way, Port St. Lucie, 39486 in the County of St. Lucie, State of Florida</u>.

22.     Defendant Level 10 Construction, LLC, a foreign limited liability company with its principal place of business at 975 Cobb Place Blvd, Suite 209, Kennesaw, Georgia 30144 may be served with process by serving the <u>Texas Secretary of State,</u> <u>1019 Brazos Street, Austin, Texas 78701</u> as its agent because Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute.

23.     Defendant John J. Koval, an individual who is a nonresident of Texas whose residence is 8432 Muirfield Way, Muirfield Way, County of St. Lucie, State of Florida, may be served with process by serving the <u>Texas Secretary of State, 1019</u> <u>Brazos Street, Austin, Texas 78701</u> as its agent because Defendant has not designated or maintained a resident agent for service of process in Texas as required by statute.

## IV.
## <u>JURISDICTION AND VENUE</u>

24.     This Court maintains jurisdiction over Defendants because they committed the torts and violations at issue in Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), venue is proper in Collin County, Texas because all or a substantial part of the events giving rise to Plaintiff's claim occurred in Collin County, Texas.

## V.
## FACTS

25.    In November 2015, Plaintiff Jane Doe had just turned sixteen and lived with her mother at the Saxon Woods apartment complex in McKinney, Texas. The Saxon Woods apartments were owned by Defendant Cortland through various entities.

26.    While jogging around the apartment complex on Wednesday, November 11, 2015, Jane Doe was accosted by Defendant Josue Castaneda who asked for Jane Doe's cellphone number. Josue Castaneda subsequently began a conversation via text message and asked Jane Doe about her age. Jane Doe replied that she had just turned sixteen. Josue Castaneda, who was thirty-one at the time, lied about his age and told Jane Doe that he was in his early twenties.

27.    The next day, Thursday, November 12, 2015, Josue Castaneda texted Jane Doe and met up with her in the afternoon. During this second encounter, Josue Castaneda kissed Jane Doe, a teenager, and touched her in a sexual manner.

28.    On Friday, November 13, 2015, Josue Castaneda again texted Jane Doe, inviting her to come and meet "his friends" in the apartment they shared at Saxon Woods. He lured Jane Doe by offering alcohol and candy. At approximately 11:00 pm, Jane Doe arrived at the apartment where Josue Castaneda (31), Jose Luis Gonzalez Jr. (21) and Pedro Damian Cruz (20) were drinking.

29.     Josue Castaneda offered Jane Doe opened bottles of Dos Equis beer and "candy." After ingesting the so-called candy and drinking bottles of beer, Jane Doe began to feel dizzy and lost control of her muscles. The three men were standing over her as she gradually started feeling numb and powerless.

30.     After drugging her, the three men picked up Jane Doe and placed her sitting against the wall, where they took her clothes off and began to touch her genitalia. Defendant Josue Castaneda then raped her by penetrating her vagina. After Josue Castaneda had had his way with Jane Doe for approximately twenty minutes, Pedro Damian Cruz began forcibly raping Jane Doe. Subsequently, Jose Luis Gonzalez Jr. grabbed Jane Doe and put her in an empty closet, where he also proceeded to forcibly rape her.

31.     Before she was brutally sexually assaulted by Defendants, Jane Doe was a virgin. As a result of the multiple sexual assaults, Jane Doe bled profusely and the floor of the apartment where she was raped was stained red with her blood. When Jane Doe asked for her clothes back, Josue Castaneda refused to give her underwear back and told her that "this is mine now."

32.     At approximately 2:30 am, after the three men had gang raped Jane Doe, Josue Castaneda carried Jane Doe to the apartment unit where she lived with her mother because she was unable to walk due to her physical injuries.

33.    The next day, Saturday, November 14, 2015, Jane Doe told her mother that she had been raped and they went to the hospital where she was promptly administered a rape kit. The nurse at the hospital then called the McKinney police department and Jane Doe provided a description of the three men.

34.    Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. were subsequently arrested and charged with multiple counts of sexual assault of a child and indecency with a child involving sexual contact.

35.    Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. were construction workers from Brownsville, Texas, employed by Cortland to renovate the Saxon Woods apartments. Josue Castaneda was a construction supervisor while Pedro Damian Cruz, and Jose Luis Gonzalez were his assigned workers. Cortland housed the three men, along with other construction workers, in unoccupied apartment units in building twenty-three alongside other, leased, apartment units.

36.    In 2013, Josue Castaneda plead guilty to Assault Causing Bodily Injury Family Violence in Brownsville, Texas, and the court entered an affirmative finding of family violence. Josue Castaneda was serving as a supervisor for Cortland while he was on probation for a domestic violence charge.

37.    Cortland negligently hired Josue Castaneda and the other two rapists and either did not conduct the requisite criminal background checks prior to allowing

them to work and live at the Saxon Woods apartments, or willfully disregarded a significant risk that its employees would engage in criminal activity. While Cortland regularly conducts rigorous background checks on all potential new tenants, Cortland allowed criminals Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. to live in an apartment in building twenty-three.

## VI.
## CAUSES OF ACTION

### A.   *Sexual Assault – Infliction of Bodily Injury*

38.   Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. brutally sexually assaulted Jane Doe. Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. acted intentionally and knowingly when they sexually assaulted Jane Doe. Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. made offensive contact with Jane Doe when they took turns performing sexual acts on her without her consent. Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez's contact with Jane Doe caused her to suffer from bodily injury and irreparable psychological harm.

39.   Defendant Josue Castaneda knew that Jane Doe was a child and nevertheless touched her in an offensive sexual manner prior to raping her on the night of November 12, 2015.

40.   Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr.

lured Jane Doe and caused offensive contact when they made her drink beer, eat "candy" and in the process, drugged her.

41.     Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. grabbed Jane Doe and put her up against a wall, where they proceeded to touch her offensively.

42.     Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. took turns sexually assaulting Jane Doe for several hours and caused Jane Doe severe physical, emotional and psychological harm.

43.     At the time of her assault, Jane Doe was a minor under the age of seventeen and was incapable of consenting to sexual conduct under the laws of Texas.

44.     In Texas, a person who intentionally or knowingly causes the penetration of a child's sexual organ by any means commits sexual assault, a second-degree felony. TEXAS PENAL CODE § 22.011. A person who engages in sexual contact with a child younger than seventeen years commits indecency with a child, a second-degree felony. TEXAS PENAL CODE § 21.11.

### B.     False Imprisonment

45.     Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. willfully detained Jane Doe for a period of at least three hours by using force, threats of force and by other means which restrained Jane Doe's ability to move from one place to another. During her false imprisonment, Jane Doe was sexually assaulted

by Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr.

46.    Jane Doe never consented to being detained by Defendants. Jane Doe was a minor and was incapable of consenting to sexual conduct.

47.    Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. had no legal authority or justification to detain Jane Doe.

### C.    *Intentional Infliction of Emotional Distress*

48.    In the alternative, and in addition to claims enumerated in this petition, Jane Doe complains of Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr.'s Intentional Infliction of Emotional Distress.

49.    Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. acted intentionally and recklessly in causing Jane Doe to suffer from severe emotional distress. Jane Doe fell into a state of depression and has suffered from grave psychological and emotional trauma ever since the time of her rape.

50.    Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr.'s conduct was extreme and outrageous. To wit, Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. brutally raped Jane Doe, a child.

51.    Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr.'s conduct proximately caused Jane Doe's severe emotional distress.

52.    No alternative cause of action would provide a remedy for the severe emotional distress caused by Defendants Josue Castaneda, Pedro Damian Cruz, and

Jose Luis Gonzalez Jr.'s conducts.

### D.   *Vicarious Liability*

53.   Cortland is liable for the torts committed by Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. under the doctrine of respondeat superior because Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. were employees of Cortland and they committed the acts at issue in this lawsuit in the course and scope of their employment.

54.   Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. raped Jane Doe in the apartment that they were provided in the scope of their employment for the sole purpose of housing them during the period of their employment. Josue Castaneda was a supervisor for Cortland and, as such, was permitting and directing Pedro Damian Cruz, and Jose Luis Gonzalez Jr. to rape Jane Doe.

55.   Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. were still working on the site at the time when they lured Jane Doe to come to the apartment furnished to them by Cortland. As such, in addition to liability for its own negligent conduct, Cortland is also vicariously liable for the acts of Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. committed against Jane Doe.

56.   Cortland is vicariously liable for all actual and exemplary damages caused by Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr.

### *E.     Negligent Hiring*

57.    <u>Duty</u>: Cortland's legal duties to Jane Doe were higher than those owed by a typical employer because Cortland was Jane Doe's landlord. Cortland owed Jane Doe a legal duty to hire, supervise, train and retain competent employees in the renovation of the Saxon Woods apartments. Cortland owed a duty to all its residents, including Jane Doe, to not expose them to its dangerous employees. Further, Cortland owed its residents, including Jane Doe, a duty to keep clearly dangerous employees from living in the apartment complex. Cortland had a duty to perform background checks on its employees before allowing them on the premises of Saxon Woods Apartments. Cortland's live-in workers had jobs with foreseeable criminal risk because their work gave them access to an area where families with vulnerable children lived.

58.    <u>Breach</u>: Cortland breached all its legal duties to Jane Doe when it hired, trained, supervised and retained Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez. Cortland's employees committed several torts, including assault, sexual assault, false imprisonment and intentional infliction of emotional distress. Cortland breached its duty to Jane Doe when it hired Josue Castaneda, a criminal on deferred adjudication for an offense involving family violence, to work and live on a long-term basis at Saxon Woods. Cortland breached its duty when it made Josue Castaneda a supervisor in charge of a construction team. Cortland breached its duty

when it assigned Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. to live alongside Jane Doe and other residents in the apartment complex.

59.    Proximate Cause: Cortland's negligent hiring of Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. proximately caused Jane Doe to be violently gang raped and to suffer severe physical and psychological injuries. Cortland's hiring of Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. was a substantial factor in causing the rape of Jane Doe. The rape of Jane Doe would not have occurred without Cortland's hiring of Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. Jane Doe's rape and a myriad of other criminal activity were foreseeable consequences of Cortland's conduct.

60.    Cortland is liable to Jane Doe both for actual and exemplary damages because the criminal acts committed against Jane Doe occurred on premises controlled by Cortland and were perpetrated by Cortland's employees.

### F.    *Negligent Hiring and Negligence Per Se by In-Home Service Company*

61.    Cortland operates as an In-Home Service Company pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §145.001(1).

62.    Cortland failed to follow the strict requirements of TEXAS CIVIL PRACTICE & REMEDIES CODE §145.002 and did not obtain criminal history background checks for Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr.

63.    Cortland does not benefit from the presumption of no negligence as provided

by TEXAS CIVIL PRACTICE & REMEDIES CODE § 145.003(b)(2)(A)(i) because Josue Castaneda had been placed on deferred adjudication for an offense against the family prior to and during his employment.

64. Cortland's illegal hiring of Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. proximately caused Jane Doe to be violently gang raped and to suffer severe physical and psychological injuries. Cortland's hiring of Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. was a substantial factor in causing the rape of Jane Doe. The rape of Jane Doe would not have occurred without Cortland's hiring of Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. Jane Doe's rape and a myriad of other criminal activity were foreseeable consequences of Cortland's conduct.

### G. Negligence

65. Cortland, as a landlord, owed an ordinary duty of care to its tenant Jane Doe and had a duty to control its employees Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. Cortland had a superior knowledge of the risks posed by hiring, retaining and housing its dangerous employees on the premises at Saxon Woods.

66. Cortland breached said duty by allowing its dangerous and criminal employees Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. to live among vulnerable children. Cortland allowed Josue Castaneda, Pedro Damian Cruz,

and Jose Luis Gonzalez Jr. full access to the Saxon Woods apartment complex and gave them keys to an apartment unit that they used to rape Jane Doe.

67.     Cortland's conduct proximately caused Jane Doe to suffer from physical injuries and psychological harm.

## H.     Gross Negligence

68.     Jane Doe complains of Cortland's Gross Negligence. The employment and retention of Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr., when viewed objectively from the standpoint of Cortland involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Cortland had actual subjective awareness of the risk but proceeded with conscious indifference to the rights, safety and welfare of Jane Doe.

## I.     Negligence- Premises Liability

69.     Jane Doe complains of Cortland's negligence in premises liability.

70.     Jane Doe was a tenant of one apartment unit in the Saxon Woods complex. However, Jane Doe was an invitee in the common areas of the apartment complex where she was first accosted and in the apartment unit in which she was raped because Cortland retained control of those areas.

71.     Cortland was the possessor, proprietor and controller of the Saxon Woods apartment complex, its common areas and the apartment unit where Jane Doe was raped.

72.    During the course of Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr.'s employment, Cortland retained control of the apartment they were occupying and where they raped Jane Doe.

73.    Cortland owed a duty to use ordinary care to protect Jane Doe because Cortland knew or had reason to know of an unreasonable and foreseeable risk of harm.

74.    Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr.'s crimes were foreseeable. Cortland knew or should have known of the relatively high crime rate in and around the Saxon Woods apartment complex. Cortland knew or should have known of the proximity, frequency and recency of other similarly violent crimes committed in the complex and in the area.

75.    Cortland knew, should have known or had reason to know that its employees Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. were dangerous criminals capable and willing to sexually assault a child.

76.    Cortland breached its duty of care when it allowed dangerous construction workers on its premises and allowed them to use an area where Cortland retained control to rape a child.

77.    Cortland's breach proximately caused Jane Doe's injuries and psychological harm.

78.    Cortland is liable to Jane Doe both for actual and exemplary damages because

the criminal acts committed against Jane Doe occurred on premises controlled by Cortland and were perpetrated by Cortland's employees.

### J.    Deceptive Trade & Practices Act (DTPA) Violations

79.    Jane Doe was a consumer under TEXAS BUSINESS & COMMERCE CODE §17.45.

80.    Cortland and its affiliated entities can be sued under the DTPA.

81.    Cortland engaged in false, misleading and deceptive trade conduct prohibited under Texas Business & Commerce Code § 17.46 (b) and Jane Doe relied on Cortland's conduct to her detriment.

82.    Cortland engaged in conduct that was unconscionable and breached several warranties that it had made both impliedly and expressly to Jane Doe.

83.    Cortland's conduct was the producing cause of Jane Doe's damages. Cortland's hiring of Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. was a substantial factor in causing her rape.

84.    Cortland's acts and omissions were both intentional and knowing. As a result, in addition to economic damages, Jane Doe is entitled to additional damages.

### VII.
### APPLICABLE STATUTE OF LIMITATIONS

85.    The applicable period of limitations for all claims arising out the sexual assault of Jane Doe is fifteen years after the day the cause of action accrues pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 16.0045 (a) (1) because she was a minor

victim of sexual assault.

86.     Because Jane Doe was a minor at the time of the events detailed in this lawsuit, she was under a disability pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 16.001 (a) (1) and as such, all applicable statutes of limitations did not begin to run until the date of her majority.

87.     As far as any Defendants are absent from the state of Texas or were absent from the state of Texas during the period of limitations, Jane Doe asserts that the statute is tolled for the period of their absence.

## VIII.
## TEXAS RAPE SHIELD LAW

88.     Defendants Josue Castaneda, Pedro Damian Cruz, and Jose Luis Gonzalez Jr. are facing multiple criminal charges in Texas for sexual assault of a child and indecency of a child. Statements made in this petition or made during this litigation do not waive any protections provided pursuant to Texas Rules of Evidence Rule 412 in any criminal proceeding where Jane Doe may be called as a witness.

## IX.
## JURY DEMAND

89.     Jane Doe requests that this case be set for a trial by jury.

## X.
## REQUESTS FOR DISCLOSURE

90.    In accordance with TEXAS RULES OF CIVIL PROCEDURE RULE 194, Defendants are requested to disclose the information described in Rule 194.2 (a) through (1) within thirty (30) days of service of these Requests.

## XI.
## EXEMPLARY DAMAGES

91.    In addition to actual damages, Jane Doe seeks recovery of exemplary damages in an amount commensurate with the nature of the wrong, the character of the conduct involved, the degree of culpability of Cortland, the situation and sensibilities of the parties concerned, the extent to which the such conduct offends a public sense of justice and propriety, and the net worth of Defendant Cortland. Defendant Cortland engaged in outrageous and morally culpable conduct by putting its profits ahead of its residents' safety.

92.    Cortland's conduct in this matter amounts to gross negligence. Jane Doe's damages resulted from acts or omissions by Cortland, which, when viewed objectively from the standpoint of Cortland, involved an extreme degree of risk considering the probability and magnitude of potential harm to others; and Cortland had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of Jane Doe. As a result, Jane Doe asks that the Court award the maximum amount of exemplary damages

allowed under the laws of the state of Texas.

## XII.
## PRAYER

93.    Jane Doe respectfully prays that Defendants be cited to appear and answer and

upon final hearing of this cause, Jane Doe have judgment against Defendants, and

be awarded actual and exemplary damages for:

(a)    medical expenses incurred in the past;

(b)    medical expenses likely to be incurred in the future;

(c)    physical pain and suffering sustained in the past;

(d)    physical pain and suffering likely to be sustained in the future;

(e)    physical impairment sustained in the past;

(f)    physical impairment likely to be sustained in the future;

(g)    psychological trauma sustained in the past;

(h)    psychological trauma to be sustained in the future;

(i)    mental anguish sustained in the past;

(j)    mental anguish to be sustained in the future;

(k)    pre-judgment interest;

(l)    post-judgment interest;

---

**JANE DOE'S ORIGINAL PETITION, MOTION FOR PROTECTIVE ORDER, AND
REQUESTS FOR DISCLOSURE**                                                      24

(m)    exemplary damages;

(n)    reputational damages;

(o)    attorney's fees;

(p)    costs of court; and

(q)    all such other and further relief, special or general, legal or equitable, to which Jane Doe may show herself to be justly entitled.

Respectfully submitted,

/s/ Ramez F. Shamieh
Ramez F. Shamieh
Texas State Bar No. 24066683
ramez@shamiehlaw.com

/s/ Ard Ardalan
Ard Ardalan
Texas State Bar No. 24099132
ard@shamiehlaw.com

SHAMIEH LAW, PLLC
1111 West Mockingbird Lane, Suite 1160
Dallas, Texas 75247
214.389.7333 telephone
214.389.7335 facsimile
**ATTORNEYS FOR PLAINTIFF**